## CONTINENTAL LIFE INS. CO. *v.* JOHN CURRIER.

### [In Chancery.]

*Equity.   Judgment at Law a Bar when for the Same Cause.*

A bill in equity, brought to restrain the collection of a judgment, will be dismissed, when every question involved was litigated in the suit at law,—the pleadings permitting it, and the evidence the same, except more in detail.

BILL IN CHANCERY. Heard on a master's report, March Term, 1885, Washington County, POWERS, Chancellor. Bill dismissed.

The suit at law, *John Currier* v. *Continental Life Ins. Co.*, is reported in 57 Vt. 496. That case was an action of assumpsit brought upon the same policy of insurance which is the subject matter of this litigation. In that case the defendant pleaded the general issue, tender, and offset. The policy was dated November 14, 1865, and was issued upon the life of Sarah M. Currier, wife of said John Currier.

The policy was issued upon the "half note plan." The exceptions in the action at law state:

"The defendant offered in evidence said four premium notes, which are referred to and made a part hereof.

"After the testimony was closed the defendant asked the court to rule that the plaintiff could not recover, for the reason that the plaintiff had not alleged or proved an insurable interest in the life of Sarah M. Currier; but the court refused to so rule, to which ruling the defendant excepted.

"The court directed a verdict, *pro forma*, that the plaintiff recover of the defendant the amount of said policy less the amount of said notes and interest, after allowing the dividends toward the payment of the notes, in accordance with the statement and computation by Mr. Hinkley, to which the defendant excepted."

The judgment below was affirmed by the Supreme Court. The master found in this proceeding, in part, as follows:

"As before stated the sum of $554.12, by defendant sent to orator, by express as aforesaid, included the interest to November 15, 1870, upon all of defendant's notes held by orator. Defendant never paid any more interest on his notes unless he was entitled to dividends which should have been applied to the extinguishment of interest.

"The policy matured by the death of the said Sarah M. Currier on the 3d day of February, 1882. In June, 1882, orator sent defendant its check for the sum of $2,677.91, being the amount orator claimed defendant was entitled to receive, which amount was the face of the policy without dividends, less the amount of defendant's four outstanding notes. Defendant refused to receive said check in settlement of the policy and returned the same to the orator, and soon after commenced his action at law upon said policy in Washington County Court against the orator, which suit was made returnable to the March Term, 1883, of said court, and was continued to and tried at the September Term of the same year before a jury. In that case defendant (then plaintiff) claimed to recover the sum insured in and by said policy, less the amount of said notes after applying thereon dividends which he then and now claims were voted by

orator's board of directors, and which defendant claims have been paid to other policy holders. Defendant obtained a verdict and judgment thereon for all he claimed." * * *

" In December, 1883, the company changed its dividend plan to what is called the ' contribution plan ' ; by which plan the policy holder is allowed as a dividend the amount by his policy contributed to the surplus, as near as can be ascertained.

" It is claimed by orator that defendant is not entitled to dividends because he failed to pay the interest in advance on his notes after November 15, 1870. In respect to this claim it is found that defendant understood, when he made application for, and when he received this policy on the half note plan, that he would be required to pay the interest in advance upon his notes, and for five years he did so pay the interest.

" The orator never in any of its circulars, or in any other manner, informed defendant, or any other policy holder, that failure to pay interest on notes given for premiums, or any part thereof, would be deemed a forfeiture of right to dividends. No vote was ever passed to that effect by said board of directors, nor was there any by-law to that effect.

" Defendant claims that he is entitled to dividends more than sufficient to cancel all interest on his notes.

" It is claimed that the judgment in the suit at law in Washington County Court, affirmed by the Supreme Court, constitutes a bar to this suit. In respect to this claim it is found:

" That the same evidence was before the jury in the suit of *Currier* v. *Continental Life Ins. Co.*, in Washington County Court, hereinbefore referred to, as was before the master in this cause, varying only in detail. In the former case the claims of the parties were the same as made in this case. The testimony was substantially the same, except that before the master the matter was gone into more in detail. But orator claims that the subject matter of this litigation is adapted only to a court of equity, and that orator in a court of law could not avail itself and have the full benefit of its defence.

" Since 1877 no dividends have been paid to stockholders upon the capital stock of the company; prior to that time

dividends were paid annually to the stockholders, varying from 2 to 8 per cent., but upon what amount of stock or whether the same was paid in or otherwise, did not appear in evidence."

The bill was brought to restrain the collection of the judgment rendered in the suit at law. It was claimed that the defendant was not entitled to dividends.

*C. W. Porter*, for the orator.

This suit was brought to restrain the collection of the judgment against the orator, specified in the master's report, and for an adjudication that the defendant was not entitled to have the sums claimed as dividends applied toward the payment of the notes given for premiums, upon equitable grounds.

The orator has equitable rights, not cognizable in a court of law, which, in a court of equity, should prevent such an adjudication as was made in the suit at law. Story Eq. Jur. s. 1573; *Dunham* v. *Downer*, 31 Vt. 249.

It was inequitable to allow a mortuary dividend upon the defendant's policy, when none have been allowed by the company in settlement of policies since 1870.

No dividends have ever been allowed or declared on paid-up policies whose holders have failed to pay interest on their notes; and the holder of this policy should stand no better than his fellows.

By non-payment of interest on notes, in violation of his contract, the defendant forfeited the right to dividends. The company has never paid nor declared dividends on policies whose holders had not paid interest on their notes.

*S. C. Shurtleff*, for the defendant.

The judgment in the suit at law is a bar. The evidence, the issues, and the parties are substantially the same. *Tylor* v. *Hamerley*, 44 Conn, 419; *Bellows* v. *Stone*, 14 N. H. 203;

*Nat. Bank* v. *Burnet Mfg. Co.* 33 N. J. 486; *Windfield* v. *Bacon,* 24 Barb. 154; *Savage* v. *Allen,* 54 N. Y. 458; *Briggs* v. *Shaw,* 15 Vt. 78; *Fletcher* v. *Warren,* 18 Vt. 45; *Day* v. *Cummings,* 19 Vt. 496; *Dunham* v. *Downer,* 31 Vt. 250; *Truly* v. *Wanzer,* 5 How. 141; *Creath* v. *Sims,* 5 How. 192; *Walker* v. *Robus,* 14 How. 584; *Smith* v. *McIver,* 9 Wheat. 532; *Henderson* v. *Huckley,* 17 How. 443; *Ayard* v. *Valancia,* 39 Cal. 292; *Duncan* v. *Lyons,* 3 John Ch. 356; *Foster* v. *State Bank,* 17 Ala. 692.

The opinion of the court was delivered by

TAFT, J.  Every question in this case was litigated in the suit at law.  The pleadings permitted it; the evidence was the same, varying only by being more in detail in this cause. The case having been once adjudicated this bill was properly dismissed.

Decree affirmed and cause remanded.